# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Hon. Jacqueline P. Cox |
| Josefina Ochoa, | Case No. 22-05287<br>Chapter 13 |
| Debtor. | Hearing Date:  March 6, 2023<br>Hearing Time:  10:30 a.m. |

## OBJECTION TO CONFIRMATION OF PLAN

The City of Chicago (the "*City*") objects to confirmation of the Debtor's proposed amended chapter 13 plan [Dkt. No. 51] (the "*Plan*"). The Plan as proposed does not comply with the requirements of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "*Code*"), and thus cannot be confirmed.

### I. Treatment of the City's Claim

The City has a secured claim for utility service in the amount of $13,836.96, secured by the real property located at 2526 South Whipple (the "*Property*"). See Claims Register 6-1. The Plan filed by the Debtor Josefina Ochoa provides that the City's claim will be paid in regular monthly payments; see Plan, § 3.2. The amount of the proposed payment is $250.00 per month.

However, Section 3.1 of the Plan provides in part:

> If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

The Property is listed as collateral in Section 3.1, in connection with a mortgage claim of another creditor.

## II. Requirements for Confirmation

Section 1325(a)(5) of the Code, 11 U.S.C. § 1325(a)(5), provides three ways for a debtor to deal with secured claims in a plan. Paragraph 1325(a)(5)(A) allows for confirmation if the creditor accepts the plan, but the City does not accept the Debtor's proposed treatment of its claim. The Debtor is not proposing to surrender the collateral securing the City's claim, which would satisfy paragraph 1325(a)(5)(C). So, to confirm a plan, the Debtor must provide the City with the treatment mandated by paragraph 1325(a)(5)(B), which, as it relates to this case, requires that, with respect to each allowed secured claim provided for by the plan,

> (i) the plan provides that—
>
>> (I) the holder of such claim retain the lien securing such claim until the earlier of—
>>
>>> (aa) the payment of the underlying debt determined under nonbankruptcy law; or
>>>
>>> (bb) discharge under section 1328; and
>>
>> (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;
>
> (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and

      (iii)    if—

           (I)    property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts[.]

Furthermore, Section 1325(a)(1) provides that as a condition of confirmation a chapter 13 plan must comply "with the provisions of this chapter[.]"

## III. Objection

*Improper Treatment of Claim*

The term contained in Section 3.1 of the Plan quoted above places an impermissible condition on payment of the City's claim. Section 1325 does not allow the Debtor to simply expunge the City's claim from the Plan at some point in the future, merely because some other party receives relief from the stay with respect to the property.

In this context, it should be recognized that merely lifting the stay as to some creditor's claim against a piece of property does not by itself have any legal effect that would modify in any way the rights of the City in that property. Relief from the stay may allow a creditor to pursue non-bankruptcy remedies including foreclosure, but the grant of stay relief does not itself affect the interests of the parties in the property, nor does it require a foreclosing creditor to proceed to disposition of the property.

Unless and until some other event occurs, upon a grant of stay relief the City's claim remains a secured claim, which must be treated in accordance with Section 1325(a)(5)(B). The Debtor cannot, consistent with Section 1325(a)(5)(B), simply stop providing for the City's claim because stay relief has been granted.

## CONCLUSION

For the foregoing reasons, the Plan fails to comply with Section 1325(a). Accordingly, the Plan cannot be confirmed.

Dated: February 1, 2023                              Respectfully Submitted,

Jaime Dowell (ARDC# 6281312)                         **THE CITY OF CHICAGO**
Assistant Corporation Counsel
City of Chicago Department of Law
121 N. LaSalle St., Ste. 400                         By:  /s/ Jaime Dowell
Chicago, IL 60602                                         Assistant Corporation Counsel
Tel: 312-742-0056
Email: jaime.dowell@cityofchicago.org

4

## CERTIFICATE OF SERVICE

I, Jaime Dowell, an attorney, hereby certify that on 2/1/2023, I caused a copy of the attached City of Chicago's Objection to Plan Confirmation to be served via the court's electronic noticing system for Registrants on those designated to receive such service as provided on the attached Service List.

/s/ Jaime Dowell

## SERVICE LIST

**Registrants**
(Via CM/ECF)

| | |
|---|---|
| David Freydin | david.freydin@freydinlaw.com |
| Thomas H. Hooper | thomas.h.hooper@chicagoch13.com |
| Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov |